UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                    :
**JENNIFER GARCIA JIMENEZ,** *on behalf of her*                     :
*minor daughter* **"J.M.", FRANKLIN**                               :
**CAMPOVERDE,** and **JOAN MANUEL**                                 :   **MEMORANDUM DECISION AND**
**JIMENEZ,**                                                        :   **ORDER**
                                                                    :
                                    Plaintiff,                      :   23-CV-9476 (AMD) (SIL)
                                                                    :
                                                                    :
                        – against –                                 :
                                                                    :
                                                                    :
**COUNTY OF SUFFOLK, SUFFOLK COUNTY**                               :
**POLICE DETECTIVE SOLON PARKER,**                                  :
**SUFFOLK COUNTY POLICE**                                           :
**COMMISSIONER RODNEY K. HARRISON,**                                :
**SUFFOLK COUNTY DISTRICT ATTORNEY**                                :
**RAYMOND A. TIERNEY, SUFFOLK**                                     :
**COUNTY ASSISTANT DISTRICT**                                       :
**ATTORNEY WILLIAM C. NASH, POLICE**                                :
**OFFICER DANIEL LILLIS, TOWN OF EAST**                             :
**HAMPTON, EAST HAMPTON TOWN**                                      :
**POLICE CHIEF MICHAEL D. SARLO, EAST**                             :
**HAMPTON TOWN POLICE DETECTIVE**                                   :
**RYAN HOGAN, EAST HAMPTON TOWN**                                   :
**SUPERVISOR PETER VAN SCOYAC,**                                    :
**"STATE" "DOES" 1-20** and **"FEDERAL"**                           :
**"ROES" 1-20**,                                                    :
                                                                    :
                                    Defendants.                     ::

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The plaintiffs assert various claims pursuant to 42 U.S.C. § 1983 and state law, arising out of the October 5, 2022 execution of a search warrant at their Montauk home.  After the Court dismissed most of the claims in the amended complaint, the plaintiffs moved to file a second amended complaint on August 26, 2025.  (ECF No. 93.)  On January 12, 2026, Magistrate Judge Steven I. Locke issued a report and recommendation in which he recommended that the Court deny the plaintiffs' motion.  (ECF No. 108.)  The plaintiffs filed objections to the report and

recommendation on January 23, 2026.  (ECF No. 109.)  The defendants oppose.  (ECF Nos. 110, 112.)  For the following reasons, the Court adopts the report and recommendation and denies the plaintiffs' motion to amend.

## BACKGROUND

Familiarity with the facts is assumed.  (*See generally* ECF No. 79 at 2–4 (detailing the factual background of this case).)  On December 26, 2023, the plaintiffs brought this action asserting various claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and New York state law arising out of the execution of a search warrant.  (ECF No. 1.)  The plaintiffs named as defendants Suffolk County, Suffolk County Police Detective Solon Parker, Suffolk County Police Commissioner Rodney K. Harrison, Suffolk County District Attorney Raymond A. Tierney, Suffolk County Assistant District Attorney William C. Nash, Southold Police Officer Daniel Lillis, the Town of East Hampton, East Hampton Police Chief Michael D. Sarlo, East Hampton Police Detective Ryan Hogan, and East Hampton Town Supervisor Peter Van Scoyac, as well as state "Doe" defendants and federal "Roe" defendants who they alleged were the unknown officers who executed the search warrant. (*Id.*)

At a premotion conference on the defendants' anticipated motion to dismiss the original complaint, the Court detailed its many concerns about the complaint, which was over 80 pages long, including that it did not give the defendants sufficient notice of the plaintiffs' claims against them.  (*See, e.g.*, ECF No. 53 at 10:7-16, 13:7-16.)  On June 10, 2024, the plaintiffs filed an amended complaint.  (ECF No. 34.)  Although the amended complaint was shorter than the original complaint, there was "no relevant difference between the original and the amended complaint."  (ECF No. 79 at 5.)

On March 28, 2025, the Court granted in part and denied in part the defendants' motions to dismiss the amended complaint. (*Id.*)[1] The Court dismissed all of the plaintiffs' claims except for their claims for excessive force under § 1983 and assault and battery against the Doe defendants, and their negligence claim against the Doe defendants related to the use of a battering ram. (ECF No. 79 at 48.) The Court held that the plaintiffs had stated a claim for excessive force against the Doe defendants based on their claim that the officers handcuffed Jiminez and Campoverde too tightly, and used a battering ram on a door, injuring Jiminez's foot in the process. (*Id.* at 30–32.) The Court also found that the plaintiffs had stated a claim that Doe officers saw and did not intervene when other officers used the battering ram, and handcuffed the plaintiffs too tightly. (*Id.* at 36.) The Court denied the plaintiffs' request to file a second amended complaint, concluding that "granting further leave to amend would be futile because there was no 'indication that a valid claim might be stated' as to those claims dismissed under Rule 12(b)(6)." (*Id.* at 48 (quoting *Thomas v. Amazon.com Servs. LLC*, No. 23-CV-1271, 2025 WL 253276, at *14 (E.D.N.Y. Jan. 21, 2025).) However, the Court instructed the plaintiffs to file a motion pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) to obtain identifying information for the Doe defendants. (*Id.* at 48.)

On April 24, 2025, the plaintiffs filed a *Valentin* motion to compel the defendants to identify the Suffolk County and Town of East Hampton employees involved in the execution of the search warrant, and for leave to amend the amended complaint to include the identified individuals as defendants. (ECF No. 80.) On May 13, 2025, Judge Locke directed the defendants to "provide the names and badge numbers of the officers involved in the execution of

---

[1] On September 3, 2024, Judge Locke denied the plaintiffs' fourth motion for an extension of time to serve the unnamed federal defendants and dismissed the claims against those defendants without prejudice. (*ECF Order dated Sept. 9, 2024.*)

[the] search warrant at issue in this action or state that they do not possess responsive information" but denied the plaintiffs' motion to amend without prejudice because they did not include a proposed second amended complaint. (*ECF Order dated May 13, 2025*.) On May 23, 2025, the defendants complied with Judge Locke's *Valentin* order. (*See* ECF Nos. 84, 85.)

On August 26, 2025, the plaintiffs filed a motion to file a second amended complaint. (ECF No. 93.) In the proposed second amended complaint, the plaintiffs assert claims under Section 1983 for violations of their Fourth Amendment rights arising from the officers' alleged use of excessive force and failure to intervene to prevent the use of excessive force, as well as claims under New York common law for assault, battery, and negligence, against Suffolk County, Parker, Lillis, Town of East Hampton, Hogan, Southampton Police Officer Andrew Blodorn, Southampton Police Officer Bryan Cobb, East Hampton Police Detective David Orlando, East Hampton Police Officer Tyler Gilbride, East Hampton Police Detective Michael Coleman, East Hampton Police Detective Luke McNamara, East Hampton Police Officer Juan Buitrago, East Hampton Police Detective Arthur Scalzo, and East Hampton Police Officer Katherine Izzo. (ECF No. 93-2.)

Defendants Suffolk County, Parker, Hogan, Sarlo, Town of East Hampton, Van Scoyac, and Lillis — as well as proposed defendants Cobb and Blodorn — oppose the motion to amend on the grounds that it is procedurally deficient and futile. (*See* ECF Nos. 94, 101, 103, 104.)[2]

In a January 12, 2026 report and recommendation, Judge Locke recommended that the Court deny the plaintiffs' motion to amend. (ECF No. 108.) The plaintiffs filed timely objections to the report and recommendation. (ECF No. 109.) Defendants Suffolk County,

---

[2] The plaintiffs do not name Sarlo and Van Scoyac as defendants in the proposed second amended complaint (*see* ECF No. 93-2), and the Court previously dismissed all of the plaintiffs' claims against them (*see* ECF No. 79).

Parker, Hogan, Sarlo, Town of East Hampton, Van Scoyac, and Lillis oppose the plaintiffs' objections.  (*See* ECF Nos. 110, 112, 113.)

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A party may object to a magistrate judge's report and recommendation within 14 days.  Fed. R. Civ. P. 72(b)(2).  Objections are reviewed *de novo* when they are "specific and clearly aimed at particular findings in the magistrate judge's proposal."  *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)).  If a party "makes only conclusory or general objections, or simply reiterates [their] original arguments, the Court reviews the Report and Recommendation only for clear error."  *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)).  The Court "may accept, reject, or modify the recommended disposition."  Fed. R. Civ. P. 72(b)(3).

"[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'"  *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (alterations omitted) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).  Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'"  *Sasmor v. Powell*, No.

5

11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

## DISCUSSION

The Court has carefully reviewed the portions of Judge Locke's report and recommendation to which the plaintiffs did not object for clear error and finds none.  The plaintiffs raise two primary objections to Judge Locke's report and recommendation.[3]  As explained below, the Court denies the plaintiffs' objections and adopts the report and recommendation in its entirety.

## I.    Compliance with Local Rules

Judge Locke recommended that the Court deny the plaintiffs' motion to amend because it was "procedurally deficient" under two local civil rules, Local Civil Rule 15.1 and Local Civil Rule 7.1.  Local Civil Rule 15.1 requires that a motion to amend include "(1) a clean copy of the proposed amended or supplemental pleading; and (2) a version of the proposed pleading that shows—through redlining, underlining, strikeouts, or other similar typographic method—all differences from the pleading that it is intended to amend or supplement."  Local Civ. R. 15.1(a).  Local Civil Rule 7.1 requires that all motions include a memorandum of law.  Local Civ. R. 7.1(a)(2).  Because the plaintiffs did not file a redlined copy of the proposed second amended complaint and submitted a declaration with their motion, instead of a memorandum of law, Judge Locke recommended that the Court deny the motion to amend.  (ECF No. 108 at 8.)

---

[3] The Court does not consider the plaintiffs' claims that "the trajectory of the case was significantly hampered by the Court's failure to set any scheduling conference until August 2025 and therefore preventing Plaintiffs' rule-based usual course of discovering the names of the law enforcement officers who were at the house and could have intervened (interceded) to prevent continuing civil rights violations of excessive force which occurred in their presence," (ECF No. 109 at 2), because the claim has nothing to do with Judge Locke's decision.

The plaintiffs argue that "a color-highlighted version of the proposed complaint showing changes was sent to the opposing counsel of record to make the changes apparent" and "[t]hat version was also sent to Chambers in hard copy." (ECF No. 109 at 2.) In addition, the plaintiffs say that "if the Court requested a more formal marked up copy of the [proposed second amended complaint] to show the proposed changes, it could have been provided." (*Id.* at 5.) Finally, they claim that the declaration accompanying the motion explained the relevant differences. (*Id.*)[4]

Local Civil Rule 15.1 requires that a plaintiff seeking to amend her complaint "must also include as an exhibit" a version of the proposed amended complaint that shows how the proposed amended complaint differs from the previous version. Local Civ. R. 15.1(a). The plaintiffs did not include a redlined version of the proposed second amended complaint as an exhibit to their motion. (*See* ECF No. 93.) This failure to comply with Local Rule 15.1(a) "is a sufficient basis upon which to deny [the plaintiffs'] motion, albeit without prejudice." *AlexSam, Inc. v. Mastercard Int'l Inc.*, No. 15-CV-2799, 2025 WL 3451891, at *14 (E.D.N.Y. Aug. 15, 2025), *report and recommendation adopted*, No. 15-CV-2799 (*ECF Order dated Sept. 18, 2025*).

Accordingly, the plaintiffs' objections on this basis are denied.

## II.    Futility

Alternatively, Judge Locke recommended that the Court deny the motion because amendment would be futile. The only specific objections the plaintiffs raise to this portion of

---

[4] The plaintiffs cite a paragraph in the declaration they filed in reply to the defendants' oppositions to the motion to amend. In this declaration, the plaintiffs stated that "[t]his Rule 15 motion was addressed to the District Judge and the Reply is in a declaration format, not a declaration plus memorandum of law because the facts and law are intertwined here. If Magistrate Judge Locke determines the Rule 15 motion and a separate memorandum of law with tables is required, I request an opportunity to comply with his rules." (ECF No. 102 at 10.) The plaintiffs did not include this language in the declaration they submitted with their motion to amend, and they did not address their failure to comply with Local Civil Rule 15. (*See* ECF No. 93-1.)

7

Judge Locke's report and recommendation are related to their failure to intervene claims. Much of the plaintiffs' discussion of these objections simply excerpts portions of the reply declaration they filed in support of the motion to amend. (*See, e.g.*, ECF No. 109 at 7 (quoting ECF No. 102).) "Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." *Benitez v. Parmer*, 654 Fed. App'x. 502, 503 (2d Cir. 2016) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). "An objection which merely refers to previously filed papers or arguments . . . does not require *de novo* review." *O'Garro v. Ercole*, No. 06-CV-3887, 2007 WL 401194, at *2 (S.D.N.Y. Feb. 5, 2007) (citation modified). Therefore, the Court reviews *de novo* only the plaintiffs' specific objections to the portions of Judge Locke's report and recommendation regarding the futility of amending their excessive force claims, and does not review *de novo* the arguments they recycled from their reply declaration.

Under Rule 15 of the Federal Rules of Civil Procedure, a party seeking to amend its pleading beyond the time period allowed for an amendment as a matter of course "may amend its pleading only with the opposing party's written consent." Fed. R. Civ. P. 15(a)(2). If the opposing party does not consent, the party seeking to amend must obtain leave of the court. *Id.* The court should "freely give leave when justice so requires" but should deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*; *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007.) The opposing party bears the burden of demonstrating a good reason for denial. *Speedfit, LLC v. Woodway USA, Inc.*, No 13-CV-1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015).

Futility is established where "the proposed amended complaint would fail to state a claim on which relief could be granted." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F.

Supp. 2d 453, 459 (S.D.N.Y. 2012). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Therefore, a proposed amendment is futile if it does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009.) To determine whether the proposed amendment meets this test, courts accept all facts alleged by the party moving to amend the complaint as true, and construe any ambiguities in favor of the moving party. *Konrad v. Epley*, No. 12-CV-4021, 2013 WL 6200009, at *20 (E.D.N.Y. Nov. 25, 2013).

Judge Locke recommended that the Court deny the motion to amend because the proposed second amended complaint did not allege that the defendants "played any part" in the alleged excessive force, assault and battery, or negligence. The plaintiffs "object to the R&R conclusion that excessive force cannot be attributed to an officer if there is no statement that the officer 'played [a] part' in the use of the excessive force." (ECF No. 109 at 5 (quoting ECF No. 108 at 10).) They argue that "[n]o affirmative action is required to make out a claim for excessive force against an officer as a 'tacit collaborator' or the continuation of the use of that excessive force," and that "[t]he whole premise of a failure to intercede is that no part was ever played to correct[,] . . . [which] was alleged." (*Id.* at 5–6.) According to the plaintiffs, the proposed second amended complaint does "more that [sic] simply state that the law enforcement officers . . . were 'physically present' at the small house because it alleges that they saw and knew of the extreme physical discomfort of [the plaintiffs] (being forced to stand against a wall with excessively tight handcuffs behind their backs for over 3 hours) and the law enforcement

9

officers had enough time to cause that excessive force to cease and yet did nothing to prevent its continuation." (*Id.*)[5]

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). "An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know" that other officers have committed a constitutional violation, provided the officer has "a realistic opportunity to intervene to prevent the harm from occurring." *Id.* Therefore, "[l]iability may attach only when (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd sub nom. Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012) (summary order). "The plaintiff must plead facts showing that these elements are satisfied as to *each* defendant who allegedly failed to intervene." *Alba v. City of New York*, No. 23-CV-8619, 2025 WL 2420969, at *29 (S.D.N.Y. July 18, 2025), *report and recommendation adopted*, No. 23-CV-8619, 2025 WL 2419573 (S.D.N.Y. Aug. 21, 2025). Therefore, a court will

---

[5] The plaintiffs also object that the report and recommendation "does not recognize that the District Court's earlier order did not . . . affirmatively divest [the Court] from jurisdiction to consider any amended complaint against Solon Parker, Daniel Lillis or Ryan Hogan once there was confirmation of their physical presence at the Montauk house so as to factually allege claims for their failure to intervene (intercede) to prevents [sic] the continuing use of excessive force against Plaintiffs." (ECF No. 109 at 3.) The Court does not consider this objection because Judge Locke never said anything remotely suggesting that the Court was "divested of jurisdiction" to consider claims against a particular defendant. What he did say was that the plaintiffs "fail to allege additional facts that would support a finding of liability against Lillis," (ECF No. 108 at 6 n.3), which the Court addresses below.

10

dismiss failure to intervene claims that are "reliant upon impermissible group pleading." *Spence v. City of New York*, 2022 WL 4537946, at *6 (S.D.N.Y. Sept. 28, 2022).

The plaintiffs have not stated a claim because the proposed second amended complaint does not plead facts establishing the elements of a failure to intervene claim against each individual defendant.  In the proposed second amended complaint, the plaintiffs allege that "[t]he law enforcement officers inside and outside the small one-story house would have been able to intercede (intervene) to prevent the continuing wrongful use of excessive force but all of them failed to do so," and that "all Defendants observed the manner in which [Jimenez] and [Campoverde] were being held."  (ECF No. 93-2 ¶ 70.)  This is not sufficient to state a claim. *See Ulerio v. City of New York*, No. 18-CV-2155, 2018 WL 7082155, at *7 (S.D.N.Y. Dec. 20, 2018) ("Because Plaintiff's failure to intercede claim does not distinguish between the Officer Defendants, Plaintiff has failed to state a viable claim against any of them."); see also *Spence*, 2022 WL 4537946, at *6 (dismissing excessive force claims because the plaintiff "fail[ed] to plead with specificity sufficient to 'give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests'" (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 33 (2d Cir. 2001)).  The only officers the plaintiffs name are Officer Gilbrede, who "was stationed outside the house for traffic control but could observe [Campoverde] through the window inside [the] house," (ECF No. 93-2 ¶ 70,) and Lillis, who "was physically present at the house and observed [Campoverde] and [Jiminez] being handcuffed wearing behind-the-back handcuffs and being ordered to stand against the wall in the living room for hours." (*Id.* ¶ 38.)  However, the plaintiffs do not allege that these officers had a realistic opportunity to intervene and did not take reasonable steps to do so.  Therefore, the plaintiffs have not stated a claim against Officers Lillis

11

or Gilbrede. *See Wilkinson*, 540 F. Supp. 2d at 512; *Alba*, 2025 WL 2420969, at *29.[6] Accordingly, allowing the plaintiffs to amend their complaint to allege failure to intervene claims against the individual defendants based on the allegedly unconstitutional handcuffing would be futile.

Second, the plaintiffs object that the report and recommendation "does not even address the issue of denial of sanitation access for over 3 hours." (ECF No. 109 at 8.) The plaintiffs assert that "another type of the use of excessive force is the denial of sanitation access, which is the denial of use of a toilet facility, which is a type of the use of excessive force of which Jennifer Jimenez Garcia and her daughter 'J.M.' alleged since the beginning of the case." (*Id.*) They argue that the proposed second amended complaint states a claim that the defendants "could have intervened (interceded) to prevent that *continuing* use of excessive force but they did nothing." (*Id.*)

The Court dismissed the plaintiffs' claims that they had been unlawfully detained while the warrant was executed, as well as "any failure to intercede [claims] connected to dismissed claims." (ECF No. 79 at 26–27, 36.) The Court also denied the plaintiffs' request for leave to amend those claims. (*See id.* at 47–48.) Accordingly, the plaintiffs cannot amend their failure to intervene claims based on the defendants' alleged "denial of sanitation access." (ECF No. 109 at 8.) In any event, "there can be no failure to intervene where there was no constitutional

---

[6] The proposed second amended complaint also alleges that Blodorn, Cobb, Hogan, Orlando, Coleman, McNamara, Buitrago, Scalzo, and Izzo were "physically present at the physical location of Plaintiffs' house." (ECF No. 93-2 ¶ 29.) However, the plaintiffs do not allege that each of these defendants observed the allegedly excessive handcuffing and failed to intervene. Therefore, allowing the plaintiffs to amend their failure to intervene claims against these defendants would be futile. *See Dean v. New York City*, No. 15-CV-8825, 2017 WL 3670036, at *4 (S.D.N.Y. July 6, 2017) (holding that a plaintiff's proposed failure to intervene claim was futile where it was "devoid of any factual allegations against [the officer] with respect to the failure to intervene claim, such as, for example, where [the officer] was located and what she was doing" when the alleged excessive force occurred).

violation." *Foy v. City of New York*, No. 03-CV-7318, 2004 WL 2033074, at *3 (S.D.N.Y. Sept. 10, 2004). "The temporary deprivation of the right to use the toilet, in the absence of serious physical harm or a serious risk of contamination, does not rise to the level of an objective constitutional violation." *Mateo v. Alexander*, No. 10-CV-8427, 2012 WL 864805, at *5 (S.D.N.Y. Mar. 14, 2012).

Aside from their objections concerning the failure to intervene claims, the plaintiffs do not object to the portions of Judge Locke's report and recommendation finding that the proposed second amended complaint did not state a claim against any defendants for excessive force, assault and battery, or negligence. (*See* ECF No. 108 at 10.) Nor do they object to Judge Locke's conclusion that the proposed second amended complaint failed to state a claim against Suffolk County or the Town of East Hampton. (*See id.* at 11.) Accordingly, as noted above, the Court has reviewed these portions of the report and recommendation for clear error and finds none.

## CONCLUSION

For these reasons, the Court adopts Judge Locke's thorough and well-reasoned report and recommendation. The plaintiff's motion for leave to amend is denied.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
February 17, 2026

13